# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

H.H. FRANCHISING SYSTEMS, INC.,
   Plaintiff,

vs.

FREDERICK T. PATTERSON, et al.,
   Defendants.

Case No. 1:18-cv-19
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for default judgment against defendants Frederick T. Patterson and Nova N-Home Healthcare. (Doc. 8).

Plaintiff filed this action on January 11, 2018, alleging claims of breach of contract, trade secret misappropriation, trademark infringement, unfair competition, false designation, unjust enrichment and accounting. (Doc. 1). Defendants Frederick T. Patterson and Nova N-Home Healthcare were served with the complaint and summons. (Doc. 6). It does not appear that service of process has been made on defendant Katherine D. Patterson. On June 13, 2018, plaintiff filed an amended complaint. (Doc. 7). To date, defendants Frederick T. Patterson and Nova N-Home Healthcare have not responded to the complaint or amended complaint. On August 23, 2018, plaintiff filed its motion for default judgment against defendants Frederick T. Patterson and Nova N-Home Healthcare. (Doc. 8).

Obtaining a default judgment is a two-step process governed by Fed. R. Civ. P. 55. First, under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters the party's default, the plaintiff must move the court for a default judgment under Fed. R. Civ. P. 55(b)(2).

Plaintiff is not entitled to default judgment. Plaintiff has not completed the first step under Rule 55(a) by obtaining an entry of default by the clerk. *See Heard v. Caruso*, 351 F. App'x 1, 15-16 (6th Cir. 2009). A review of the docket demonstrates that plaintiff did not request an entry of default from the clerk. Because plaintiff did not first seek entry of a default from the clerk of the court, it was procedurally improper for plaintiff to move for entry of a default judgment.

It is therefore **RECOMMENDED** that plaintiff's motion for default judgment (Doc. 8) be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: 9/12/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

H.H. FRANCHISING SYSTEMS, INC.,
Plaintiff,

Case No. 1:18-cv-19
Barrett, J.
Litkovitz, M.J.

vs.

FREDERICK T. PATTERSON, et al.,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).