# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

H.H. FRANCHISING SYSTEMS, INC.,      Case No. 1:18-cv-19
Plaintiff,      Barrett, J.
     Litkovitz, M.J.

vs.

FREDERICK T. PATTERSON, et al.,      **ORDER AND REPORT**
Defendants.      **AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for default judgment against defendants Frederick T. Patterson (Patterson) and Nova N-Home Healthcare (Nova) and request for hearing. (Doc. 14). Defendants have not responded to the motion.

Plaintiff H.H. Franchising Systems, Inc. (H.H. Franchising), filed this action on January 11, 2018, alleging claims for breach of contract, trade secret misappropriation, trademark infringement, unfair competition, false designation, unjust enrichment and accounting. (Doc. 1). Defendants Patterson and Nova were served with the complaint and summons on April 28, 2018, and proof of service was filed on June 6, 2018. (Doc. 6). It does not appear that a third defendant, Katherine D. Patterson, has been served. On June 13, 2018, plaintiff filed an amended complaint. (Doc. 7). To date, defendants Patterson and Nova have not responded to the complaint or amended complaint.

Plaintiff filed a motion for default judgment against defendants Patterson and Nova on August 23, 2018 (Doc. 8), which the Court denied because plaintiff had not first obtained an entry of default by the clerk as required under Fed. R. Civ. P. 55. (Docs. 10, 11). Plaintiff subsequently obtained an entry of default by the clerk (Doc. 13) and filed the motion for default judgment that is now before the Court (Doc. 14). Plaintiff requests a default judgment for

monetary damages and permanent injunctive relief, and a hearing to establish the requested injunctive relief. In support of its motion, plaintiff has submitted the affidavits of Emma R. Dickison, President and Chief Executive Officer of H.H. Franchising, setting forth the terms of the injunctive relief available to plaintiff under the parties' franchising agreement (Doc. 14, Exh. A); William Burlingham, H.H. Franchising's Chief Financial Officer, establishing the amounts owed to plaintiff by defendants under the franchising agreement (*Id.*, Exh. B); and Mercedes Morgan, Senior Director of Franchise Services for H.H. Franchising, representing that defendants Patterson and Nova are currently operating a competing home care business in violation of the parties' franchising agreement (*Id.*, Exh. C).

Under Fed. R. Civ. P. 55, a party's default must first be entered by the clerk at the plaintiff's request. Fed. R. Civ. P. 55(a). If the plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation," the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). Otherwise, the clerk must enter judgment for the specified amount. *Id.*

Even when the plaintiff is entitled to default judgment based on a party's failure to defend, the allegations in the complaint pertaining to the amount of damages are not accepted as true. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted)). Instead, the district court must undertake an inquiry "to ascertain the amount of damages with reasonable certainty." *Id.* (citing *Credit Lyonnais*, 183 F.3d at 155). "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 455 (6th Cir. 2011) (quoting *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110 (6th Cir. 1995) (internal quotation marks omitted) (citing

*Kelley v. Carr,* 567 F. Supp. 831, 841 (W.D. Mich. 1983)). It is the plaintiff's burden to establish the amount of damages it is entitled to recover from the party who is in default. *Id.* at 457 (citing *Antoine*, 66 F.3d at 110) (citing *Kelley*, 567 F. Supp. at 841) ("A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages.")).

Here, plaintiff's complaint does not specify any damages amounts. (Doc. 1). However, plaintiff's claim is for "a sum that can be made certain by computation" under the terms of the franchise agreement. *See* Fed. R. Civ. P. 55(b). Plaintiff has specified the amounts owing under the terms of the parties' franchise agreement, and the affidavits it has submitted show how those amounts were calculated. Plaintiff's evidence establishes that the total amount defendants owe plaintiff under the franchise agreement is $113,228.63[1], which consists of $47,913.78 for past due royalties, interest and late fees; $6,537.40 for past-due national branding fees, interest and late fees; $827.45 for past-due technology fees and interest; and $57,950.00 for future technology fees, minimum royalties and national branding fees through the expiration of the parties' franchise agreement in March 2023. (Doc. 14, Exh. B, Burlingham Affidavit). Plaintiff is entitled to judgment for damages in this total amount.

Plaintiff is also entitled to an award of injunctive relief. Plaintiff acknowledges that a hearing is necessary before the Court can determine the scope of the injunctive relief to be awarded and enter a judgment awarding such relief. The Court will therefore stay plaintiff's request for a hearing on its claim for injunctive relief pending a ruling on this Report and Recommendation by the District Judge.

---

[1] Plaintiff has mistakenly calculated the sum of these four subtotals to be $113, 228.23. (Doc. 14, Exh. B, ¶ 21).

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Plaintiff's motion for default judgment (Doc. 14) be **GRANTED**.

2.  Partial judgment be entered in favor of plaintiff H.H. Franchising Systems, Inc., against defendants Frederick T. Patterson and Nova N-Home Healthcare for damages in the amount of $113,228.63

**IT IS THEREFORE ORDERED THAT:**

1.  Plaintiff's request for a hearing on its claim for injunctive relief is **STAYED** pending a ruling by the District Judge on this Report and Recommendation.

2.  The clerk is directed to serve a copy of this Order on Frederick T. Patterson and Nova-N-Home Healthcare, by regular mail and by certified mail, return receipt requested.

Date: 12/6/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

H.H. FRANCHISING SYSTEMS, INC.,
Plaintiff,

Case No. 1:18-cv-19
Barrett, J.
Litkovitz, M.J.

vs.

FREDERICK T. PATTERSON, et al.,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

## Receipt 1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Frederick T. Patterson
    35 Cummings Drive
    Apt. 101
    Stafford, VA 22554-7141

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X
B. Received by (Printed Name)    C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes  ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

☒ Agent
☐ Addressee

2. Article Number (Transfer from service label)

   7011 3500 0001 5345 7080

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

## Receipt 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Nova N-Home Healthcare, Inc.
    35 Cummings Drive
    Apt. 101
    Stafford, VA 22554-7141

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X
B. Received by (Printed Name)    C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes  ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

☒ Agent
☐ Addressee

2. Article Number (Transfer from service label)

   7011 3500 0001 5345 7073

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540